IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN COREY STINSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-2913-G-BN |
| | § | |
| WARDEN, FCI SEAGOVILLE, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Benjamin Corey Stinson, an inmate at FCI Seagoville (an institution in the Dallas Division of this district), has filed, through counsel, a petition under 28 U.S.C. § 2241 challenging his federal criminal judgment under 28 U.S.C. § 2255(e) – Section 2255's "savings clause." This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Stinson's Section 2241 petition for lack of jurisdiction.

**Applicable Background**

Stinson pleaded guilty, and was convicted of, possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4), and, on July 15, 2015, he was sentenced to 121 months of imprisonment. *See United States v. Stinson*, No. 7:15-CR-052-01 RAJ (W.D.

-1-

Tex.). He did not file a direct appeal. And his motion to vacate his sentence under 28 U.S.C. § 2255 was denied, on June 9, 2017, as time-barred and, alternatively, due to the waiver in his plea agreement. *See id.* That motion also raised a substantive argument that Stinson now brings to this Court – that his sentence should be vacated and that he should be resentenced without the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) because of Amendment 801 to the United States Sentencing Guidelines. *See generally United States v. Miles*, No. 3:13-cr-89-M (01), 2017 WL 3773625 (N.D. Tex. Aug. 8, 2017) (discussing the background and application of that amendment), *rec. accepted*, 2017 WL 3727390 (N.D. Tex. Aug. 30, 2017).

## Legal Standards

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987), and that section "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). Further, under the Rules Governing Section 2254 Cases in the United States District Courts, which "also apply to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING

SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

28 U.S.C. § 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))).

And a Section 2241 petition "that raises errors that occurred at or prior to sentencing" – like Stinson's petition – "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78).

But, under Section 2255's

savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).

[A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

-3-

### Analysis

The claims raised in Stinson's petition are not "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. The only change in the law that serves as a basis for the petition is instead Amendment 801, *see* Dkt. No. 1-1 at 9-11, which,

> [e]ffective November 2016, ... amended § 2G2.2(b)(3)(B) to reject the view that a defendant's knowing use of file-sharing software generally satisfies the requirements for a five-level enhancement. The amended guideline provides that the enhancement applies if "the defendant distributed in exchange for any valuable consideration." USSG § 2G2.2(b)(3)(B) (2016); *see* USSG App. C, amend. 801. This means that the increase applies where a defendant "agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." *Id.*, comment (n.1).

*United States v. Hansen*, 859 F.3d 576, 577 (8th Cir. 2017).

That amendment runs counter to controlling case law in this circuit at the time of Stinson's sentencing. *See United States v. Scott*, 821 F.3d 562, 567 (5th Cir. 2016) ("It is undisputed that 'distribution as defined in § 2G2.2 includes operating a file sharing program that enables other participating users to access and download files then automatically placed in a shared folder available to other users.'" (quoting *United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014) (quoting, in turn, *United States v. Dodd*, 598 F.3d 449, 452-53 (8th Cir. 2010)); citation, brackets, and some internal quotation marks omitted)); *see id.* at 567-68 (noting that "[t]he key Fifth Circuit case

interpreting § 2G2.2(b)(3)(B) in this context," *United States v. Groce*, 784 F.3d 291 (5th Cir. 2015), explained: "'Generally, when a defendant knowingly uses peer-to-peer file sharing software, ... he engages in the kind of distribution contemplated by § 2G2.2(b)(3)(B). A peer-to-peer file sharing program "lets users exchange digital files through a network of linked computers." By using this software as Groce has, the user agrees to distribute the child pornography on his computer in exchange for additional child pornography. This is precisely the kind of exchange contemplated by § 2G2.2(b)(3)(B).'" (quoting *Groce*, 784 F.3d at 294-95; emphasis omitted)).

But, because Stinson's petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider [it]." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)).

Stinson attempts to get around this requirement by attacking Section 2255(e) as unconstitutionally vague. *See* Dkt. No. 1-1 at 5-9 (asserting that "court's have uniformly struggled with defining [that provision's] 'inadequate or ineffective language'" (citing the circuit split on the reach of the savings clause) and further arguing that his "ability to seek § 2241 relief [is] impeded by the unconstitutional[ly] vague 'savings clause' of § 2255(e)").

Only a few courts – all outside this circuit – have addresses this argument. Stinson cites none of those decisions. But they all conclude that a vagueness challenge

to Section 2255(e) fails. *See, e.g., Hough v. Synder-Norris*, No. 0:16-CV-43-HRW, 2016 WL 3820562, *4 (E.D. Ky. July 12, 2016) ("The Court first addresses, and squarely rejects, Hough's argument that the savings clause of § 2255 is unconstitutionally vague. Indeed, the Sixth Circuit has discussed and employed the savings clause of § 2255 on numerous occasions in the context of petitions filed under 28 U.S.C. § 2241, and has never found that the clause suffers from vagueness." (citations omitted)); *Wolfe v. Warden, FCI-Edgefield*, C/A No. 5:16-2449-TMC, 2017 WL 3097843, at *2 (D.S.C. July 21, 2017) ("Wolfe cites no credible case law in support of his argument that the savings clause of § 2255(e) is void for vagueness, and the few courts which have addressed the issue have held the savings clause is not unconstitutional for vagueness." (citation omitted)).

This Court need not take up the constitutional challenge to the savings clause, because, as another court has observed, it "is a curious" argument first to attack as vague a statutory provision and then to seek relief under that same provision – a vagueness challenge necessarily concludes that the savings clause must be struck down as unconstitutional, but that clause is required to give this Court jurisdiction over a substantive attack on a federal conviction and sentence imposed outside this district. *Kapenekas v. Snyder-Norris*, No. 0:16-CV-47-HRW, 2016 WL 3840521, at *3 (E.D. Ky. July 12, 2016) ("Kapenekas fails to adequately explain how a determination that the savings clause of 28 U.S.C. § 2255 is 'vague' would assist him, i.e., he fails to connect his vagueness argument to the specific facts of his case. Kapenekas instead merely argues at length, in broad fashion, that the clause is unconstitutionally vague. The

argument is a curious one, because later in the [petition], Kapenekas specifically argues that his claims actually fall within the savings clause of § 2255, and that accordingly, habeas relief under § 2241 is warranted.").

Put another way, "§ 2241 authority is limited by § 2255 for federal prisoners who challenge their actual conviction or sentence" – that is, "where relief is available under § 2255, a federal prisoner may not proceed under § 2241." *Miller v. Stephens*, No. 2:14-cv-103, 2017 WL 3142402, at *4 & n.5 (N.D. Tex. June 15, 2017) (citing 28 U.S.C. § 2255(e)), *rec. adopted*, 2017 WL 3130330 (N.D. Tex. July 21, 2017); *cf. Scott v. Ebberts*, No. 1:09-CV-2379, 2010 WL 391814, at *4 (M.D. Penn. Jan. 11, 2010) ("[T]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255."). And a prisoner like Stinson may only challenge the validity of his conviction or sentence under Section 2241 through the Section 2255(e) savings clause.

Absent that clause, Stinson's petition raising "errors that occurred at or prior to sentencing [would] be construed as a § 2255 motion," *Robinson*, 812 F.3d at 476, that motion would be successive, and this Court would lack jurisdiction over it, *see* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h); *cf. Dickson v. United States*, Nos. 4:12-cv-596-A & 4:09-cr-40-A, 2012 WL 4074626, at *2 (N.D. Tex. Sept. 15, 2012) ("A motion pursuant to 28 U.S.C. § 2255 must be filed in the court which imposed movant's sentence."). Even if a constitutional challenge to the Section 2255(e) savings clause succeeded, then, the result would be the same here: this Court would have no jurisdiction to consider Stinson's challenge to his sentence based on U.S.S.G. § 2G2.2(b)(3)(B).

-7-

## Recommendation

The Court should summarily dismiss the habeas petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 24, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE